# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2686

_____

Tyler Lothaire Reynolds

*Plaintiff - Appellant*

v.

Jay Nelson; Dot Faust; Mike Schierbrock; Judy Morrison; Scott Miller; Tracy
Dietsch; Kay Kopatich

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 16, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Tyler Lothaire Reynolds appeals the district court's[1] adverse grant of summary judgment in his action under 42 U.S.C.§ 1983 and the Religious Land Use and Institutionalized Persons Act, wherein he challenged decisions concerning the practice of his Native American Church (NAC) beliefs. Viewing the evidence in a light most favorable to Reynolds, and drawing all reasonable inferences in his favor, see Cullor v. Baldwin, 830 F.3d 830, 836 (8th Cir. 2016) (de novo review), we assume that the denial of separate NAC services in a Tipi at Iowa State Penitentiary (ISP) substantially burdened his religious exercise. See Native Am. Council of Tribes v. Weber, 750 F.3d 742, 748-49 (8th Cir. 2014) (to succeed on RLUIPA claim, inmate must offer evidence that challenged government practice substantially burdened religious exercise; and if such evidence is offered, government has burden of proving its practice furthers compelling government interest, and there is no less restrictive means of furthering such interest).

Defendants submitted evidence that a Tipi as Reyolds requested was denied based on security issues due to staffing and safety concerns at ISP, and that Reynolds's only counter to the decision was that a new prison was planned where there would be enough room for a second Tipi. Defendants thus satisfied their obligation to prove their practice furthered a compelling government interest and there is no less restrictive means of furthering such interest. Id. However, we express no opinion as to appropriate restrictions in a planned new prison. Reynolds now seeks an "alternative plan" to accommodate his religious practice, which involves having an NAC "road man" come to ISP twice a year to conduct daytime ceremonies with drum playing, singing, and praying, but does not involve the use of peyote. His alternative plan is not what he sought when he requested NAC services at ISP in May 2014, or when he pursued that request until it was finally denied in November 2014. We thus find that he is improperly attempting not only to raise a new claim on appeal,

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

see Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (declining to consider pro se appellant's new claim), but also a claim he could not have administratively exhausted, see Haight v. Thompson, 763 F.3d 554, 559-61 (6th Cir. 2014) (discussing administrative exhaustion requirement in inmates' RLUIPA action). Because Reynolds offers no valid basis for reversing the grant of summary judgment to defendants based on the record before the district court, the judgment is affirmed.[2]

—————————————————

[2]We do not address claims Reynolds has waived, see Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (waiver of claims); or other new matters he has raised.